UNITED STATES of America, Plaintiff-Appellee,

v.

Stuart Eugene CONN, Defendant-Appellant.

No. 82–1308.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1983.

Decided June 22, 1983.

John Steven Gordon, Law Student, San Francisco, Cal., for plaintiff-appellee.

Brenda Harbin, Harris, Alexander & Burris, Oakland, Cal., for defendant-appellant.

Before BROWNING, PECK *, and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

Conn appeals from his conviction for receiving as a convicted felon three different firearms from Ray Musante which had been shipped or transported in interstate commerce in violation of 18 U.S.C. § 922(h) (counts one, three and five) and for being a felon in possession of the same weapons in

---

violation of 18 U.S.C.App. § 1202 (counts two, four, and six). In addition, he seeks reversal of his conviction for receiving, as a convicted felon, a weapon from Paul Lehman which had been shipped or transported in interstate commerce in violation of 18 U.S.C. § 922(h) (count ten) and for being a felon in possession of the same weapon in violation of 18 U.S.C.App. § 1202 (count seven). Conn was sentenced to three years probation on counts one through six and count ten, and to three years probation and a $2,500 fine on count seven. The court ordered the probationary period on each count to run concurrently.

We discuss Conn's contentions and the pertinent facts separately.

*One.* Conn contends that the trial court abused its discretion in failing to grant a mistrial or a new trial because of prejudicial jury misconduct.

Conn has failed to point out any conduct of any of the jurors which demonstrates that he was denied a fair trial. Where jury misconduct is alleged, "the test is whether or not the misconduct has prejudiced the defendant to the extent that he has not received a fair trial." *United States v. Klee,* 494 F.2d 394, 396 (9th Cir. 1974). While it is true that the jury's deliberations were difficult and marked with apparent acrimony between some of the jurors, the record is silent as to whether the jury's fact finding function was affected in any manner. Conn's counsel must share the responsibility for this barren record. At the time that a motion for a mistrial was made on Conn's behalf, following the tea pouring incident, the trial judge suggested that the jury be questioned to determine whether any misconduct had in fact occurred. Counsel replied: "To answer your question directly, no, I do not think that the court should inquire into any verdicts. I think the court has enough evidence at its hand right now to declare a mistrial, based

---

* Hon. John W. Peck, Senior United States District Judge for the Sixth Circuit, sitting by designation.

on the conduct of the jurors." Heated discussions and shouted disagreement can be a human part of group decision making without prejudice to any one's rights. In the absence of proof of prejudice to Conn resulting from the jury's conduct, we must find that the trial court did not abuse its discretion in denying a mistrial or the motion for a new trial on jury misconduct grounds.

■ *Two.* Conn contends that the district court abused its discretion in denying discovery of information in the possession of the San Francisco Police Department. The contention is unsupported by the record. At a pretrial hearing documents were provided to Conn's attorney. The prosecutor advised the court that other documents requested by Conn's attorney did not exist. The court then ruled: "It will be the ruling of the court that you complied with the subpoena by the production of the documents that have been presented to Mr. Barris." Conn's attorney made no attempt to object to this ruling or to advise the court that discovery was not complete. From this record, we can only conclude that the district court did not deny discovery.

■ *Three.* Conn contends that the district court applied the wrong standard in denying his motion to dismiss on the ground of vindictive prosecution. This contention is devoid of any merit. Conn failed to present any evidence that the government increased the severity of the charges in response to his exercise of constitutional rights. *See United States v. Wilson,* 639 F.2d 500, 502 (9th Cir.1981).

■ *Four.* Conn contends that the district court abused its discretion in refusing to give an entrapment instruction. We disagree. The district court correctly ruled that the requested entrapment instruction should not be given because the uncontradicted evidence showed that officer Musante was not acting as an agent of the government when he sold the weapons to Conn. *See United States v. Diggs,* 649 F.2d 731, 739 n. 8 (9th Cir.1981).

*Five.* Conn contends the district court erred in telling the jury to continue to deliberate instead of giving a "proper" *Allen* instruction.

■ No objection was made to this instruction at trial. Instead, the record shows that Conn's attorney expressly approved the giving of this instruction. Accordingly, we decline to review the claimed error. *See United States v. Hardy,* 454 F.2d 885, 890 (9th Cir.1971).

■ *Six.* Conn contends that the indictment contained multiple counts. We agree. This court has held that a defendant cannot be charged with possession or receipt of several weapons received at the same time and same place. *United States v. Wiga,* 662 F.2d 1325, 1336 (9th Cir.1981), *cert. denied,* 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982). Further, a defendant may not be charged with both receipt and possession of the same weapon. *United States v. Wiga,* 662 F.2d at 1335. The government has asked us to invoke the concurrent sentence doctrine. We decline to do so. Thus, we must reverse five of the first six counts and either count seven or count ten.

The judgment is affirmed as to counts six and seven. The judgment is reversed as to the remaining counts.