UNITED STATES of America, Plaintiff,

v.

Gordon Ernest NOBLE, Sr., Defendant.

No. CR 85–22–H.

United States District Court,
D. Montana,
Helena Division.

July 30, 1985.

Carl E. Rostad, Asst. U.S. Atty., Great Falls, Mont., for plaintiff.

Eula Compton, Cok & Wheat, Bozeman, Mont., for defendant.

## OPINION AND ORDER

LOVELL, District Judge.

Defendant Gordon Ernest Noble, Sr. moves for dismissal of the indictment; or, in the alternative, for dismissal of Counts II and III of the indictment. The motions, having been briefed fully, are ripe for determination.

## MOTION TO DISMISS THE INDICTMENT

Defendant is charged with three counts of violating 18 U.S.C. Appendix § 1202(a), which provides in part:

Any person who:

(1) has been convicted by a court of the United States or of a state or any political subdivision thereof of a felony, or

(2) has been discharged from the Armed Forces under dishonorable conditions,

.   .   .   .   .

and who receives, possesses, or transports in commerce or affecting commerce any firearm, shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

The factual predicate on which these charges are based involves Noble's April 1982 conviction by a court martial of the United States Army for possession and sale of cocaine, a felony offense punishable by imprisonment for more than one year.

Noble contends that a court martial is not part of the federal judiciary. He argues, therefore, that judgments rendered by this type of military tribunal fall outside the scope of the statute under which he is charged. This narrow question under § 1202(a)(1) is one of first impression.

The cardinal rule of statutory construction is that a statute must be read, if possible, so as to give effect to the intent

of Congress. *Hudson Distributors, Inc. v. Eli Lilly & Co.*, 377 U.S. 386, 395, 84 S.Ct. 1273, 1279, 12 L.Ed.2d 394 (1964).

The liability encompassed by 18 U.S.C. Appendix § 1202(a), the prohibition on receipt or possession of firearms in commerce, is imposed on persons who meet one or more of five qualifying factors. Among persons so restricted are those persons convicted of a felony "by a court of the United States or of a State." 18 U.S.C. Appendix § 1202(a)(1).

The language of the statute concerning federal convictions is not limited to judgments rendered by Article III courts. Courts martial are authorized by Article I of the Constitution. *See,* e.g., *Osborn v. United States,* 322 F.2d 835, 838–39 (5th Cir.1963).

The legislative history of the statute in question is quoted extensively in *Stevens v. United States,* 440 F.2d 144, 152–166 (6th Cir.1971). There is no indication that Congress intended to limit qualifying felony convictions under subdivision (1) of the statute to judgments rendered by Article III Courts. Rather, Congress specifically found that persons previously convicted of felonies present threats to the safety of government officials, to commerce and to the free exercise of constitutional rights. 18 U.S.C. Appendix § 1201.

The broad wording of the provision in question indicates a legislative intent to encompass judgments rendered by any federally authorized or state court competent to impose felony sanctions. The narrow interpretation offered by the defendant is not supported by the legislative history. Furthermore, upon consideration of the public policy involved in enactment of 18 U.S.C. Appendix § 1202(a), the court concludes that it would be unreasonable to construe the language "by a court of the United States" as excluding felony convictions in tribunals of the United States Armed Forces.

■ Defendant's argument that he does not meet the qualifying factor set out in subdivision (2) of the statute, that of dis-

honorable discharge from the military, is well taken. The Uniform Code of Military Justice establishes a three-stage procedure before dishonorable discharge is final. 10 U.S.C. §§ 801 *et seq.* Trial is had in a court martial with mandatory appeal to the Court of Military Review and a final appeal to the Court of Military Appeals. Dishonorable discharges based upon conviction of a felony in military court are not final until determination by the Court of Military Appeals. 10 U.S.C. § 871. Defendant's discharge status has not been resolved at present. It is the opinion of the court, therefore, that Noble cannot be charged under subdivision (2) of 18 U.S.C. Appendix § 1202(a). The indictment need not be dismissed, however, because the five qualifying factors set forth in the statute are stated in the disjunctive. It is sufficient that defendant satisfies the factual predicate stated in subdivision (1).

### MOTION TO DISMISS COUNTS II AND III

■ Count I of the indictment alleges that defendant, a person previously convicted of a felony, received and possessed, in commerce and affecting commerce, a rifle on or about April 11, 1985. Count II contains the same allegations except that the weapon identified is a shotgun. Count III is identical except that it identifies another rifle. Defendant insists that it is improper under 18 U.S.C. § 1202(a) to charge him with three separate offenses for the simultaneous receipt and possession of three firearms.

The courts have uniformly held that simultaneous receipt and possession of multiple firearms is not sufficient to permit separate prosecutions for each weapon involved. *See United States v. Conn,* 716 F.2d 550, 552 (9th Cir.1983); *United States v. Wiga,* 662 F.2d 1325, 1336 (9th Cir.1981), *cert. denied,* 456 U.S. 918, 102 S.Ct. 1775, 72 L.Ed.2d 178 (1982). The court concludes, therefore, that it is improper for the government to charge defendant with three separate offenses in this case.

This court has no desire to arbitrarily decide which two counts of the indictment should be dismissed. Plaintiff, therefore, will be afforded the opportunity to make a written election as to which count it will prosecute. The remaining counts will be deemed dismissed upon the filing of such written election.

## ORDER

IT IS HEREBY ORDERED that defendant's motion to dismiss the indictment is DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss two of the three counts of the indictment is GRANTED. Plaintiff shall file a written election of which count it intends to prosecute within five (5) days. The remaining counts will be deemed dismissed upon the filing of Plaintiff's written election.