UNITED STATES of America, Plaintiff–Appellee,

v.

Charles Philip MacDONALD, Defendant–Appellant.

No. 92–50021.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1992.

Decided May 5, 1993.

---

Carlton F. Gunn, Federal Public Defender, Los Angeles, CA, for defendant-appellant.

Bryan D. Daly, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

MacDonald was convicted of various crimes involving unlawful possession and sale of firearms. He appeals on two issues, whether his army court-martial conviction was a sufficient basis for felon in possession under 18 U.S.C. § 922(g)(1), and whether the judge erred in the guidelines calculation of offense level for the gun sales. We affirm.

MacDonald was court-martialed forty years ago for fraudulent enlistment, failure to obey a lawful order, and sale of a "liberty pass," in violation of the Uniform Code of Military Justice, and sentenced to two years at hard labor. In 1989, he procured a federal firearms dealer's license by lying on the ap-

plication. Several times he met in his hotel lobby with a federal undercover agent and sold guns to him, without asking for identification or filling out required papers. He also sold several guns in the same manner to a man he knew was a convicted felon.

### I. The Court–Martial.

No facts were in dispute on this issue. MacDonald argues that, because a general court-martial is not a court, and the military offenses of which he was convicted are not crimes in the civilian sense, he should not be deemed to have been convicted of a crime in a court for purposes of the felon in possession statute. Whether convictions such as MacDonald's by general courts-martial are within the scope of § 922(g)(1) is an issue of statutory interpretation, and is thus reviewed de novo. *Anderson v. United States*, 966 F.2d 487, 489 (9th Cir.1992).

The statute at issue reads as follows:

(g) It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ...

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

MacDonald has been unable, as have we, to find authority for the proposition that military offenses without civilian equivalents are not crimes for purposes of § 922(g)(1). He correctly cites *Parker v. Levy*, 417 U.S. 733, 749–50, 94 S.Ct. 2547, 2558–59, 41 L.Ed.2d 439 (1974) and *Middendorf v. Henry*, 425 U.S. 25, 38, 96 S.Ct. 1281, 1289, 47 L.Ed.2d 556 (1976) for the proposition that the Uniform Code of Military Justice cannot be equated to a civilian criminal code. These cases also stand for the fact that the Uniform Code of Military Justice regulates a far broader range of conduct than a typical state criminal code. But he has not found authority for the proposition that conduct so criminalized is not a "crime" for purposes of the felon in possession statute. We can find no authority squarely on point either way. To

the extent that any authority is analogous or suggestive, it holds that general courts-martial are courts, *see United States v. Lee*, 428 F.2d 917 (6th Cir.1970), *cert. denied*, 404 U.S. 1017, 92 S.Ct. 679, 30 L.Ed.2d 665 (1972); *United States v. Noble*, 613 F.Supp. 1224 (D.Mont.1985), and convictions in courts of foreign countries establish crimes for purposes of the felon in possession law, *see United States v. Atkins*, 872 F.2d 94 (4th Cir.), *cert. denied*, 493 U.S. 836, 110 S.Ct. 116, 107 L.Ed.2d 77 (1989); *United States v. Winson*, 793 F.2d 754 (6th Cir.1986).

█ The statute defines "crime punishable by imprisonment for a term exceeding one year" in a way which would accept the military definition of a crime for purposes of determining if a defendant is a felon in possession:

The term "crime punishable by imprisonment for a term exceeding one year" does not include—

(A) any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or

(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.

18 U.S.C. § 921(a)(20). This provision requires that the meaning of a criminal conviction be drawn from the Uniform Code of Military Justice, not civilian law, where that was "the law of the jurisdiction in which the proceedings were held."

This deference toward the military definition is consistent with the recent decision of Congress to criminalize possession of a firearm by one who has been dishonorably discharged from the armed forces, whether convicted of a crime punishable by more than a year of imprisonment or not, *see* Act of May 19, 1986, P.L. 99–308, § 102, 100 Stat. 451, and with the general principle that civilian courts must grant full faith and credit to the

judgments of general courts-martial, *see Grafton v. United States,* 206 U.S. 333, 345, 27 S.Ct. 749, 751, 51 L.Ed. 1084 (1907). This construction is also consistent with the statutory purpose, "to keep guns out of the hands of presumptively risky people." *Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 112 n. 6, 103 S.Ct. 986, 991 n. 6, 74 L.Ed.2d 845 (1983).

 We hold that a general court-martial is a "court" within the meaning of 18 U.S.C. § 922(g)(1) and a conviction, such as MacDonald's, for which an individual is punishable for a term exceeding one year, amounts to a "crime" for purposes of § 922(g)(1). We therefore affirm MacDonald's conviction.

## II. The Offense Level.

██ MacDonald argues that the district court erred in calculating his offense level under the guidelines. MacDonald's offense level was increased for two things: the number of guns he sold knowing he could not lawfully sell them and the number he sold to persons he knew could not lawfully buy them. He argues that a six level increase for sale of guns to persons he knew to be felons should not be stacked on top of a six level increase for unlawfully selling more than 50 guns. A district court's construction and interpretation of the Sentencing Guidelines are legal determinations reviewed de novo. *United States v. Gavilan,* 966 F.2d 530, 531 (9th Cir.1992). Whether conduct extraneous to an offense for which a defendant has been convicted is part of the same "course of conduct" or "common scheme or plan" as the offense so as to be considered "relevant conduct" within the meaning of Guideline § 1B1.3(a)(2) is a factual determination which can be overturned only if clearly erroneous. *United States v. Hahn,* 960 F.2d 903, 907 (9th Cir.1992).

██ Both of the guidelines provisions have since been amended, but when MacDonald was sentenced, the relevant language for the sales to felons enhancement was as follows:

> § 2K2.2. *Unlawful Trafficking and Other Prohibited Transactions Involving Firearms*

⁂

(b) Specific Offense Characteristics

(1) If the offense involved distribution of a firearm, or possession with intent to distribute, and the number of firearms unlawfully distributed, or to be distributed, exceeded two, increase as follows:

| Number of Firearms | Increase in Level |
|---|---|
| (A) 3–4 | add 1 |
| (B) 5–7 | add 2 |
| (C) 8–12 | add 3 |
| (D) 13–24 | add 4 |
| (E) 25–49 | add 5 |
| (F) 50 or more | add 6. |

⁂

(3) If more than one or the following applies, use the greater:

(A) If the defendant is convicted under 18 U.S.C. § 922(d), increase by 6 levels; or

(B) If the defendant is convicted under 18 U.S.C. § 922(b)(1) or (b)(2), increase by 1 level.

U.S.S.G. § 2K2.2(b) (1990). We see nothing in this language or its purposes to justify the parsing suggested by MacDonald. The two enhancements address different evils: wrongful sale of a large number of guns and wrongful sale to an especially dangerous sort of customer. MacDonald did both, so he earned both enhancements. To take account of both evils, those guns MacDonald sold to persons whom he knew to be felons should indeed count in the quantity used for his quantity enhancement. His argument that guns he obtained in different shipments should not be added together as "relevant conduct" under Guideline § 1B1.3(a)(2) fails because his sales of those guns were part of the same course of conduct, an uninterrupted and continuous course of illegal gun sales from his hotel. These sales were similar in all relevant respects to the sales in the counts of conviction, were part of a regular course of conduct, and were close in time to the sales in the counts of conviction. *See Hahn,* 960 F.2d at 910.

## III. Upward Departure.

The district court departed upward two levels because of the number of guns. MacDonald received at least twenty-seven shipments of guns between April 1990 and June 1991, and sold 122 guns one by one out of his

hotel lobby, on a continuing, substantially uninterrupted basis for over a year. Mac-Donald argues that this departure was impermissible.

█ Departures from the Sentencing Guidelines are reviewed under the three part test of *United States v. Lira–Barraza*, 941 F.2d 745, 746–47 (9th Cir.1991) (en banc): (1) we determine de novo whether the district court had the legal authority to depart; (2) we review for clear error the factual findings in support of the aggravating circumstance identified by the district court as a basis for departure; and (3) we determine whether the extent of departure was "unreasonable" under 18 U.S.C. § 3742(e)(3) and (f)(2).

█ The quantity departure imposed by the district court was explicitly provided for by an application note: "If the number of weapons involved exceeded fifty, an upward departure may be warranted." § 2K2.2(b)(1), Application Note 2. This distinguishes the case from *United States v. Martinez*, 946 F.2d 100 (9th Cir.1991), where the "or more" language in the guideline was not accompanied by an application note explicitly providing for departures upward for higher quantities. The "50 or more" guideline language and the "upward departure may be warranted" language in the application note are consistent, where the quantity is substantially greater than fifty. Since they are consistent, the application note may not be rejected. *United States v. Palmer*, 946 F.2d 97, 98 (9th Cir.1991); *see also United States v. Anderson*, 942 F.2d 606, 612 (9th Cir.1991) (en banc). MacDonald also argues that the number series in the guideline adds only one level for each doubling, yet he got a two level departure. The reasonableness test is not an arithmetic exercise, but an exercise of judgment. The district judge had an adequate foundation for his judgment on the extent of the departure. The two level departure was not unreasonable, in view of the quantity of guns, the manner of sale, and the sorts of people to whom they were sold.

MacDonald's conviction and sentence are AFFIRMED.