30 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Spencer DAUGHETEE Defendant-Appellant.
 Nos. 93-10262, 93-10265, 93-10263, 93-10264.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1994.
Decided Aug. 5, 1994.
 
 1
 Before: FLETCHER and TROTT, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 John Daughetee appeals his sentence under the Sentencing Guidelines imposed on remand for Daughetee's conviction following a guilty plea to five counts of bank robbery and one count of unarmed bank robbery. We have jurisdiction and we affirm.
 
 BACKGROUND
 
 4
 Daughetee is a paranoid schizophrenic who, on several occasions, has heard voices that told him to kill the President of the United States and school children. On several occasions he purchased semiautomatic pistols and stalked the President while formulating plans to murder him. Daughetee committed the underlying bank robberies in order to facilitate his plans to kill the President.
 
 
 5
 Daughetee pled guilty to five charges of armed bank robbery and one charge of unarmed bank robbery. A Presentence Report was prepared, which calculated a sentence in the range of 57-71 months and recommended an upward departure to 240 months. On October 5, 1990, the district court sentenced Daughetee to concurrent twenty year terms on the various counts. The court relied on two alternative grounds to justify its upward departure. First, the court stated that an upward departure was appropriate under 18 U.S.C. Sec. 3553(b) because of Daughetee's mental illness and the "extreme danger" he posed to the public, to the President, and to school children. See U.S.S.G. Sec. 5K2.14, p.s. (permitting upward departure where national security, public health or safety was significantly endangered). Second, the court noted that an upward departure was appropriate under U.S.S.G. Sec. 5K2.9, which permits departures when the defendant committed the offense in order to facilitate the commission of another offense.[1] The district court found that the bank robberies were committed in order to facilitate Daughetee's plans to kill the President.
 
 
 6
 This sentence was appealed to our court. In a memorandum disposition, we vacated the judgment of the district court and remanded for resentencing. In applying the three part test for departures set forth in United States v. Lira-Barraza, 941 F.2d 745 (9th Cir.1991) (en banc),[2] we affirmed the district court's legal and factual bases for departing upward on the grounds that Daughetee's conduct was intended to facilitate the commission of other offenses, but we remanded for resentencing, directing the district court to provide "an explanation of the extent of the departure founded on the structure, standards and policies of the Act and Guidelines" as required by Lira-Barraza.
 
 
 7
 On remand, the district court reimposed the 240 month sentence under U.S.S.G. Sec. 5K2.9 by analogizing to the Guideline provision for murder, the offense that Daughetee planned to commit. See U.S.S.G. Sec. 2A1.1. This section provides for a base offense level of 43. Id. The court then applied a three level reduction for attempts to commit an underlying offense and an additional three level reduction for acceptance of responsibility. The reduced offense level of 37, together with the criminal history category of I, resulted in a sentencing range of 210 to 262 months.
 
 DISCUSSION
 
 8
 The issue in this case is whether the district court's upward departure under U.S.S.G. Sec. 5K2.9 to a sentence of 240 months imprisonment is reasonable in light of the structure, standards and policies of the Guidelines. Lira-Barraza, 941 F.2d at 746-47. Our court has held that a district court's departure from the sentencing range prescribed by the Guidelines should be guided as much as possible by analogies to other Guideline provisions. United States v. Hicks, 997 F.2d 594, 599 (9th Cir.1993); United States v. Streit, 962 F.2d 894, 905 (9th Cir.), cert. denied, 113 S.Ct. 431 (1992). The use of analogies ensures that unguided departures do not defeat the congressional goals of uniformity and proportionality. Streit, 962 F.2d at 902. If the district court applies an improper analogy, we will find the departure to be unreasonable. Hicks, 997 F.2d at 599; Streit, 962 F.2d at 905.
 
 
 9
 Daughetee argues that the district court's analogy to the Guideline provision for murder is unreasonable. Daughetee suggests that the district court should have based its departure on an analogy to the Guideline provision for attempted murder. Although we are sympathetic to Daughetee's claim that an analogy to attempted murder might have been reasonable in this case, we conclude that the court's analogy to the provision for murder was not unreasonable. Our circuit has recognized previously that "[t]he reasonableness test is not an arithmetic exercise, but an exercise of judgment," United States v. MacDonald, 992 F.2d 967, 971 (9th Cir.1993), and we have "decline[d] to mandate that sentencing judges adhere to one particular approach to departures." Streit, 962 F.2d at 906; see also Lira-Barraza, 941 F.2d at 750-51 (noting that a reasonableness standard assumes a range of permissible sentences). Thus, we have acknowledged that in certain cases more than one type of analogy may be appropriate. See id. at 905-06 (in calculating a departure beyond criminal history category VI, either extrapolation along the horizontal axis of criminal history categories or extrapolation based on vertical analogies to higher offense levels may be appropriate).
 
 
 10
 In this case, in drawing an analogy to the provision for murder the district court guided its departure by what Daughetee was trying to do--kill the President. The district court also expressed its legitimate concern that Daughetee poses a danger to our country's Presidents, to school children, and to society in general. The district court found both that Daughetee committed the underlying crimes to facilitate his plans to murder the President, and that he performed other actions toward committing these murders, including purchasing semiautomatic pistols and stalking the President in Washington D.C. and around the country. Under these facts, the court had an adequate foundation for its judgment regarding the extent of the departure.[3] See MacDonald, 992 F.2d at 971. Although an analogy by definition can never be perfect, in this case the court's analogy was reasonable in light of the structure and policies of the Sentencing Guidelines.[4] Daughetee also argues that the analogy to first degree murder is inappropriate because the district court's findings do not support a conclusion that Daughetee had the mental state required to justify a first degree murder conviction. Our circuit has never considered whether, in order to draw an analogy to the provision for murder, a district court must make specific findings regarding the defendant's mental state. We need not determine whether such a finding is required in this case because, even if such a finding were required, the district court clearly made a sufficient finding at the first sentencing. At that time the district court found that Daughetee had been stalking Presidents, that he had stated his intention to kill school children, and that he had robbed several banks to support his pursuit of these delusions. These findings are sufficient to support the conclusion that Daughetee had the mental state required for first degree murder.
 
 CONCLUSION
 
 11
 For the reasons stated above, the sentence imposed by the district court is AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sec. 5K2.9 Criminal Purpose (Policy Statement)
 If the defendant committed the offense in order to facilitate or conceal the commission of another offense, the court may increase the sentence above the guideline range to reflect the actual seriousness of the defendant's conduct.
 
 
 [2]
 Under this three part test, the reviewing court first must determine whether the trial court had the legal authority to depart. 18 U.S.C. Sec. 3553(b) (1988); Lira-Barraza, 941 F.2d at 746. Second, the appellate court reviews for clear error the factual findings in support of the circumstances identified by the district court as a basis for departure. Finally, the reasonableness of the extent of the district court's departure is reviewed "in light of the structure, standards and policies of the Act and Guidelines." Lira-Barraza, 941 F.2d at 746-47
 
 
 [3]
 On Daughetee's previous appeal of his sentence, our circuit ruled that a defendant need not commit the second offense in order to receive an enhanced sentence under U.S.S.G. Sec. 5K2.9. See also United States v. Durham, 941 F.2d 855, 863-64 (9th Cir.1991) (sufficient evidence to support departure based on connection between underlying offense and work at methamphetamine lab)
 
 
 [4]
 Daughetee also argues that the district court's departure was unreasonable because the analogy used by the district court in combining the murder provision with the provision for attempts to commit an offense was flawed. While it is true that the district court took away from the logic of its analogy by departing downward for attempt, the court's analogy to murder is not rendered invalid by its generosity in granting a three level reduction. Moreover, contrary to Daughetee's argument, United States v. Dickerson, 956 F.2d 46 (4th Cir.1992), does not control this case. Dickerson is about direct application of the Guidelines to offense conduct, and not about departures