67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Isaac Gamble KYLE, Defendant-Appellant.
 No. 94-10538.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 15, 1995.
Decided Oct. 4, 1995.
 
 1
 Before: D.W. NELSON, T.G. NELSON, Circuit Judges, and SAMUEL P. KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Isaac Gamble Kyle appeals his convictions and sentence on firearms related offenses. We affirm.
 
 A. Prosecutorial Misconduct
 
 4
 Raye's testimony on direct examination concerning the "truthful testimony" provisions of his plea agreement was not improper. The defense challenged Raye's credibility during its opening statement. The Government's reference to Raye's plea agreement in response to this attack on Raye's credibility was proper. See United States v. Monroe, 943 F.2d 1007, 1013 (9th Cir.1991), cert. denied, 503 U.S. 971 (1992).
 
 
 5
 The only portions of the Government's closing argument which Kyle objected to were the Government's statements about Kyle's lack of credibility. Kyle's contention that these statements were an improper challenge to his credibility is without merit. The Government was entitled to argue reasonable inferences based on the record. See United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir.1993). The evidence supported a reasonable inference that Kyle was selling the firearms he purchased in Arizona to people in California, and the Government was entitled to argue that Kyle's explanations to the contrary were not credible. Furthermore, the Government was entitled to argue that Lovetro's explanation of the facts was more credible than Kyle's. See id. at 1276, 1279.
 
 
 6
 Finally, Kyle did not answer the arguably improper question asked of him by the Government lawyer, and Kyle's objection to the question was immediately granted. A curative instruction was contemporaneously given by the district court. We presume that the jury followed the curative instruction, and therefore hold that any error that may exist was clearly harmless. See Greer v. Miller 483 U.S. 756, 766 n. 8 (1987); United States v. Chan Yu-Chong, 920 F.2d 594, 599 (9th Cir.1990).
 
 B. Entrapment Instruction on Count 17
 
 7
 Entrapment by estoppel is a viable theory in this circuit. United States v. Tallmadge, 829 F.2d 767, 773 (9th Cir.1987). This applies to statements made by a licensed firearm dealer "who has been made aware of all the relevant historical facts...." Id. at 774.
 
 
 8
 Whether Kyle's intention to buy nearly two hundred firearms is a historical fact which Kyle did not disclose is not controlling. What is clear is that Kyle did not tell Lovetro that he had contacted Raye about transporting the weapons to California. Kyle could not reasonably rely on Lovetro's statement that Kyle should not sell or ship the firearms interstate, to mean that he could freely acquire and sell the weapons intrastate without a license. Thus, the district court was correct in rejecting the proffered entrapment instruction for Count 17.
 
 
 9
 C. Instruction on the Use of Names for Counts 12 through 16
 
 
 10
 Because Kyle did not object to the district court's supplemental instruction on the use of names for Counts 12 through 16, we review this instruction only for plain error. United States v. Varela, 993 F.2d 686 (9th Cir.), cert. denied, 114 S.Ct. 232 (1993).
 
 
 11
 The supplemental instruction did not improperly shift the burden of proof to Kyle. The jury was told at least twice that the Government had the burden of proof. The statement in the instruction that "however, when purchasing a firearm, a person must use his then true name" did not impose any burden on Kyle. The Government still had to prove that Kyle made a false statement, which it did by showing that Kyle used the name "Sherlock" only when purchasing from Stahl, but not at other times. Thus, giving the instruction was not error, much less plain error.
 
 D. Sentencing
 
 12
 The district court recognized that it had authority to depart downward but specifically declined to do so, concluding that "there is no basis for outrageous conduct, either as a defense or as a basis for a downward departure." Thus, this issue is not reviewable. United States v. Pinto, 48 F.3d 384, 389 (9th Cir.1995).
 
 
 13
 The district court's rejection of a downward adjustment for an acceptance of responsibility was not clearly erroneous. Kyle not only went to trial, but provided authorities with only limited information and with frivolous explanations regarding his criminal conduct. Thus, this is not a rare case where a defendant goes to trial and is entitled to a reduction for acceptance of responsibility. See U.S.S.G. Sec. 3E1.1, comment. (n. 1(a)).
 
 
 14
 The district court had legal authority to depart upward pursuant to U.S.S.G. Sec. 2K2.1, comment. (n. 16). Based on the evidence, the district court did not clearly err by concluding that Kyle sold nearly all of the approximately 190 firearms he purchased. Thus, Kyle's offense warranted an upward departure. See id. Further, a one-level departure for an offense involving significantly more than fifty firearms is not unreasonable. See United States v. MacDonald, 992 F.2d 967, 970-71 (9th Cir.1993).
 
 
 15
 Even assuming, arguendo, that the district court did consider the use of the guns in California crimes and that this was an invalid reason for an upward departure, this alleged error was harmless and does not require remand.
 
 
 16
 Although the use of the guns in California crimes was raised and discussed at the sentencing hearing, and was listed by the court on its sentencing worksheet, the actual reasons listed at the sentencing hearing both by the Government in requesting, and by the court in imposing, the upward departure did not include use of the guns in California crimes. Looking at the record as a whole, it is clear that the alleged error did not affect the district court's selection of the sentence imposed; in addition, the sentence was reasonable in that the remaining reasons given by the court were sufficient to justify the one-level upward departure. Therefore, any error that may have resulted was harmless and does not require remand. See United States v. McAninch, 994 F.2d 1380, 1389 (9th Cir.1993), cert. denied 114 S.Ct. 394 (1993); MacDonald, 992 F.2d at 970-71.
 
 
 17
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3