# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3146

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Allen Shaffer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: September 24, 2015
Filed: December 7, 2015

_____

Before LOKEN, BEAM, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

This appeal concerns whether a conviction by court-martial may qualify as a serious violent felony under 18 U.S.C. § 3559(c), the federal three strikes law. The

District Court[1] sentenced Richard Shaffer to life in prison under § 3559(c) based on a prior court-martial conviction. Shaffer now appeals. We affirm.

I.

On February 10, 2014, Shaffer pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). Shaffer had approached a bank teller and handed her a note stating, "Be Quiet (GUN) Gimmie the money in the drawer and the replenishment drawer 100, 50, 20 10, 5, Now Be Quiet!" The teller gave Shaffer $3,710. Shaffer was arrested the following day. The robbery carried a statutory maximum sentence of 20 years.

The government sought enhancement to a sentence of life in prison under 18 U.S.C. § 3559(c). Section 3559(c) provides:

> Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if . . . the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of . . . 2 or more serious violent felonies.

In 1979, Shaffer was convicted in a United States Army General court-martial for the unpremeditated murder of a fellow soldier. He was sentenced to 25 years confinement at hard labor and served 18 years. In 2004, Shaffer was convicted in the United States District Court for the District of Nebraska for six consolidated bank robberies. Neither party disputes that both crimes qualify as "serious violent felonies." § 3559(c)(2)(F). The district court found that a general court-martial

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

qualifies as a court of the United States, thus Shaffer was sentenced to a mandatory life sentence under § 3559(c). Shaffer's only argument on appeal is that his 1979 conviction by court-martial is not a conviction "in a court of the United States or of a State" under § 3559(c) and cannot serve as a predicate offense.

## II.

"[A] court of the United States" is not defined within § 3559. If the court-martial qualifies as a "court of the United States," Shaffer must receive a life sentence. If it does not, he does not have two qualifying predicate offenses, and Shaffer will be subject to a 20-year statutory maximum sentence instead. This court reviews the district court's interpretation of a statute *de novo*. United States v. Williams, 136 F.3d 547, 550 (8th Cir. 1998).

## A.

Shaffer argues that "a court of the United States" is a term of art meaning an Article III court. As such, Shaffer states that this court should not resort to the familiar rules of statutory interpretation, and instead should hold that a court-martial does not constitute "a court of the United States" as a matter of law.

A term of art is a phrase with an established common law meaning. United States v. Turley, 352 U.S. 407, 411 (1957). Where a term of art is used in a statute without being defined, the court will generally presume that Congress intended to invoke that established common law meaning. See id.; Morisette v. United States, 342 U.S. 246, 262 (1952). However, "we do not assume that a statutory word is used as a term of art where that meaning does not fit." Johnson v. United States, 559 U.S. 133, 139 (2010) (finding that "physical force," within the statutory definition of "crime of violence" meant "violent force" and thus differed from the meaning of "physical force" within the definition of battery) (citing Turley, 352 U.S. at 411).

-3-

"Ultimately, context determines meaning." Id. (citing Jarecki v. G.D. Searle & Co., 367 U.S. 303, 307 (1961)).

Shaffer points to Justice O'Connor's dissent in Southland Corp. v. Keating for support, wherein Justice O'Connor refers to "courts of the United States" as a term of art and states that it unmistakably excludes state courts. 465 U.S. 1, 29 n. 18 (1984) (O'Connor, J. dissenting). But Southland addresses a statutory framework in which only civil cases could be implicated, so it does not discuss courts-martial. Id. at 14-16 (discussing the Federal Arbitration Act). Instead, "a court of the United States" has been defined in varying ways, even within Title 18.[2] Shaffer has failed to establish that the phrase "a court of the United States" has an established common law meaning or is a term of art within the context of § 3559, and available authority does not support such a conclusion.

Absent the application of a term of art, this court looks to "plain language, and give[s] words their ordinary, contemporary, common meaning." Hennepin Cnty. v. Fed. Nat'l Mortg. Ass'n, 742 F.3d 818, 821 (8th Cir. 2014) (internal quotation marks

[2]18 U.S.C. § 23 ("As used in this title, except where otherwise expressly provided the term 'court of the United States' includes the District Court of Guam, the District Court for the Northern Mariana Islands, and the District Court of the Virgin Islands"); 18 U.S.C. § 6001(4) ("'Court of the United States,' means any of the following courts: the Supreme Court of the United States, a United States court of appeals, a United States district court established under chapter 5, title 28, United States Code, a United States bankruptcy court established under chapter 6, title 28, United States Code, the District of Columbia Court of Appeals, the Superior Court of the District of Columbia, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, the Tax Court of the United States, the Court of International Trade, and the Court of Appeals for the Armed Forces"); 18 U.S.C. § 3662 (distinguishing between "a court of the United States" and a court of the District of Columbia or United States territory by including convictions in "a court of the United States, the District of Columbia, the Commonwealth of Puerto Rico, a territory or possession of the United States . . . .").

and citations omitted). "[T]he words of a statute must be read in their context and with a view to their place in the overall statutory scheme." Davis v. Michigan Dept. of Treasury, 489 U.S. 803, 809 (1989). Thus, definitions of "a court of the United States" in other contexts are of limited value. See id.

Elsewhere in Title 18, "a court of the United States" is defined expansively. See 18 U.S.C. §§ 23, 6001(4). Section 6001(4)'s expansive definition discredits Appellant's argument that "a court of the United States" must be limited to only Article III courts. In section 6001(4), "a court of the United States" is defined to include "a United States bankruptcy court established under chapter 6, title 28, United States Code, the District of Columbia Court of Appeals, the Superior Court of the District of Columbia, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, the Tax Court of the United States, the Court of International Trade, and the Court of Appeals for the Armed Forces," among others.

Further, courts-martial fit within the plain meaning of "a court of the United States." A court-martial is a court. Anderson v. Crawford, 265 F. 504, 506 (8th Cir. 1920) (quoting Deming v. McClaughry, 113 F. 639, 650 (8th Cir. 1902)). Courts-martial are established by and connected to the United States Government. First, courts-martial were created by Congress and authorized by Article I, Section 9 of the United States Constitution. O'Callahan v. Parker, 395 U.S. 258, 261-62 (1969) (overruled on other grounds). Second, courts-martial are governed by federal statute. See 10 U.S.C. §§ 801-946. Third, the United States Supreme Court can review many decisions of the Court of Appeals for the Armed Forces, the court to which those convicted by court-martial ultimately appeal. 10 U.S.C. §§ 866, 877; 28 U.S.C. § 1259. Fourth, court-martial conviction is a bar to successive federal prosecution. Grafton v. United States, 206 U.S. 333, 355 (1907) (finding that a federal civilian court and court-martial trying one person for the same offense constituted double jeopardy because "the two tribunals that tried the accused exert all their powers under

and by the authority of the same government"). Shaffer argues that to include courts-martial in "a court of the United States" would create conflicts in the military chain of command, but within the context of § 3559, none are apparent.[3] Ordinary rules of statutory interpretation lead to the conclusion that courts-martial fall within the meaning of "a court of the United States."[4]

B.

Moreover, inclusion of courts-martial within "a court of the United States" is consistent with the purpose of § 3559(c), which is to enhance the sentences of individuals who have committed three "serious violent felonies."[5] The statute illustrates its comprehensive intent by including convictions in state courts as well as "court[s] of the United States." Were the court to find that courts-martial were not included, Shaffer would be put in a unique position where because he committed unpremeditated murder while in the military, he is subject to a shorter sentence for a subsequent offence than a similar individual who instead had been prosecuted in a

_____

[3] 10 U.S.C. § 1558 states that "[a] court of the United States may review a determination by the Secretary of a military department . . . ." However, this court's determination that "a court of the United States," includes courts-martial is limited to within the context of § 3559(c).

[4] 28 U.S.C. § 451 states that "[t]he term 'court of the United States' includes the Supreme Court of the United States, courts of appeal, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior." No such limitation exists § 3559(c). This would suggest that § 3559(c) does not similarly exclude courts where judges do not serve during good behavior. Without such a limitation, a "a court of the United States" would most naturally be read to include courts-martial.

[5] The purpose of § 3559(c) is evidenced by its text. See, e.g., AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1748 (2011) (noting that the Federal Arbitration Act's purpose "is readily apparent from [its] text").

state or federal court. Thus, unless there is reason that Congress would have intended to exclude those convicted by courts-martial from § 3559, including convictions by courts-martial best serves the purpose of § 3559.[6]

Courts' analyses of courts-martial's inclusion in the Armed Career Criminal Act (ACCA) are instructive. Three federal appeals courts have addressed the question of whether "any court" in 18 U.S.C. §§ 924(e)(1) and 922 of the ACCA includes courts-martial; all have concluded "yes." United States v. Grant, 753 F.3d 480, 485 (4th Cir. 2014) (finding that differences between courts-martial and civilian courts did not compare to the severe differences between civilian courts and certain foreign courts discussed in Small v. United States, 544 U.S. 385 (2005), and that courts-martial fit within the term "any court"); United States v. Martinez, 122 F.3d 421, 424 (7th Cir. 1997) (finding that the plain meaning of "any court" includes courts-martial); United States v. MacDonald, 992 F.2d 967, 969-970 (9th Cir. 1993) (finding that differences between civilian courts and courts-martial do not justify the exclusion of courts-martial from "any court"). These courts have similarly considered the purpose of the applicable statute and found inclusion of convictions by court-martial consistent with its purpose. See MacDonald, 992 F.2d at 970 (finding that treating court-martial convictions as convictions in "any court" "consistent with the statutory purpose, 'to keep guns out of the hands of risky people.'" (quoting Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 112 n. 6 (1983))); Grant, 753 F.3d at 485 ("Including court-martial convictions for violent felonies in the armed career

---

[6]No sufficient reason exists to exclude courts-martial from "a court of the United States." Shaffer relies heavily on the differences between military and civilian courts, pointing out that courts-martial are not Article III courts. While this is true, it does not establish how inclusion of courts-martial would be adverse to § 3559's purpose or support the notion that "a court of the United States" only includes Article III courts. Shaffer fails, too, to identify differences in procedure or rights afforded that adequately support exclusion.

criminal tabulation furthers Congress's objective of identifying and deterring career offenders.").

Much like the ACCA's phrase, "any court," the purpose of § 3559, plain language of § 3559, and broad definitions of "a court of the United States" throughout Title 18 indicate that Congress intended "a court of the United States" to have an expansive definition which includes courts-martial.[7]

### III.

Accordingly, we hold that Shaffer's conviction by general court-martial is a conviction in "a court of the United States" within 18 U.S.C. § 3559(c). Shaffer is subject to a mandatory life sentence under 18 U.S.C. § 3559(c).

———————————————————

---

[7]United States v. Stuckey, which Shaffer cites, is inapposite. 220 F.3d 976 (8th Cir. 2000). In Stuckey, the court determined that the felony in question did not qualify as a "serious drug offense." Id. at 984. This court stated, "the mere fact that we are dealing with military drug convictions in this case only gets the government half-way home; we must still determine whether or not the convictions are 'serious drug offenses.'" Id. Thus, this court held that the military court-martial conviction was a conviction in "any court."