**NOT FOR PUBLICATION**

### UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10495 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 4:13-cr-00196-DCB-BPV-1 |
| BRENDEN WILLIAM VERMILYEA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted June 17, 2016[**]
San Francisco, California

Before: CLIFTON and IKUTA, Circuit Judges, and HAYES,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William Q. Hayes, United States District Judge for the Southern District of California, sitting by designation.

Appellant Brenden Vermilyea appeals from his conviction by a jury for one count of Possession of Firearm by a Prohibited Person and one count of Possession of Ammunition by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Vermilyea contends that the district court's jury instruction regarding prohibited possession of a firearm violated due process by relieving the government of the obligation to prove all elements of the offense where the instruction stated that (1) "a general court martial conviction is a crime that satisfies section 922(g)(1) if the crime for which a defendant is court-martialed was punishable by imprisonment for a term exceeding one year" and (2) "imprisonment includes a term of confinement in a military institution." We conclude that under *United States v. MacDonald*, 992 F.2d 967 (9th Cir. 1993), the issue of whether a court-martial conviction is a crime under § 922(g)(1) is a matter of law. The jury instructions were an accurate statement of the law under *MacDonald*, *see* 992 F.3d at 970, and did not relieve the government of the obligation to prove that Vermilyea was convicted of a crime punishable by imprisonment for a term exceeding one year.

Vermilyea also contends that § 922(g)(1) is unconstitutionally vague by failing to provide reasonable notice to Vermilyea, and others similarly situated, that his military conviction made him a prohibited possessor. We conclude that § 922(g)(1)

2

is not unconstitutionally vague because ordinary people can understand that an offense in violation of the Uniform Code of Military Justice may qualify as a "crime" and that military confinement may qualify as "imprisonment" for purposes of § 922(g)(1). *See Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

**AFFIRMED**.