**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Larry Larnell LOCKE,**
**Defendant–Appellant.**

**No. 89–50667.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 1990.

Decided Nov. 13, 1990.

Shawn M. Hays, Federal Defenders of San Diego, Inc., San Diego, Cal., for defendant-appellant.

Bruce R. Castetter, Larry A. Burns, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before REINHARDT and LEAVY, Circuit Judges, and KING, Senior District Court Judge.*

SAMUEL P. KING, District Judge:

On November 11, 1989, appellant was sentenced under the Sentencing Guidelines to 41 months in custody for bank robbery, a violation of 18 U.S.C. § 2113(a). Prior to sentencing, the Probation Department had calculated the applicable guideline range as 37–46 months by taking the offense level of 17[1] and applying a criminal history category of IV.

Appellant's criminal history category of IV was reached in the following manner. In 1982, appellant was convicted of armed robbery and was sentenced to three years in state prison. This accounted for three criminal history points. In 1988, appellant was convicted by a special court martial for being absent without leave ("AWOL") from the Navy and was sentenced to 75 days in the brig. This accounted for two more criminal history points. The instant offense occurred within two years of his release from the brig. This accounted for two more criminal history points. The total of seven criminal history points placed appellant in criminal history category IV.

Appellant attacks the use of his AWOL military offense to "enhance" a civilian criminal sentence. If the AWOL conviction is not considered, his criminal history score would include only the three points for the 1982 armed robbery, and would result in a criminal history category of II and a sentencing range of 27–33 months.

Sentencing Guidelines § 4A1.2(g) specifically provides that in computing a criminal history:

> Sentences resulting from military offenses are counted if imposed by a general or special court martial. Sentences imposed by a summary court martial or Article 15 proceeding are not counted.

Appellant seeks to avoid the language of § 4A1.2(g) on the ground that the use of an AWOL conviction is "fundamentally unfair" and therefore violates appellant's due process and equal protection rights. A similar argument with respect to the use of a defendant's prior juvenile criminal adjudication in computing his criminal history category was rejected by this court in *United States v. Williams*, 891 F.2d 212 (9th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1496, 108 L.Ed.2d 631 (1990). We noted in *Williams* that "[i]f it does not violate due process for a juvenile to be deprived of his or her liberty without a jury trial, [there is no] violation of due process when a later deprivation of liberty is enhanced due to this juvenile adjudication." *Id.* at 215. Similarly, since appellant's original military conviction was consistent with due process, *see Middendorf v. Henry*, 425 U.S. 25, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976), the district court's reliance on that conviction for computing his criminal history created no constitutional violation.

Alternatively, appellant argues that the phrase "military offenses" as used in § 4A1.2(g) does not include "purely military" offenses of a "minor" nature such as an AWOL conviction. By its own terms, however, the second sentence of section 4A1.2(g) explicitly defines which military offenses are to be excluded from criminal history score computations, those being either "sentences imposed by a summary court martial or Article 15 proceeding." We are not at liberty to rewrite the provision.

The sentence imposed by the district court is AFFIRMED.

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

1. Offense level 17 was reached by taking the base offense level of 18, adding 1 point for a presumed loss of $5,000, and subtracting 2 points for acceptance of responsibility. Prior to November 1, 1989, the offense level was 20, and the calculations for losses were different.