UNITED STATES of America,
Plaintiff–Appellee,

v.

John W. MARTINEZ, Defendant–
Appellant.

No. 96–1878.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 26, 1997.

Decided Aug. 20, 1997.

Charles E. Ex (argued), Barry Rand El-
den, Chief of Appeals, Office of the United
States Attorney, Criminal Appellate Division,
Chicago, IL, Plaintiff–Appellee.

Stephen K. Milott (argued), Chicago, Il, for Defendant–Appellant.

Before EASTERBROOK, RIPPLE, and MANION, Circuit Judges.

MANION, Circuit Judge.

After pleading guilty to possession of a firearm by a felon pursuant to a plea agreement, John Martinez was sentenced to fifteen years in prison. He now appeals, arguing that he was improperly sentenced under the Armed Career Criminal Act because the district court erred in counting an earlier military court-martial as a felony. We affirm.

## I.

A three-time convicted felon, John Martinez was arrested after selling firearms to an undercover agent with the Bureau of Alcohol, Tobacco, and Firearms. Still unaware of the undercover agent's true identity, and instead suspecting a friend had turned him in, Martinez instructed the agent to lie to investigators in order to protect Martinez and finger his friend. Based on these events, Martinez was indicted on four felon-in-possession-of-firearms counts (18 U.S.C. § 922(g)) and one witness tampering count (18 U.S.C. § 1512(b)(1)). Pursuant to a plea agreement, Martinez pleaded guilty to one of the firearms counts. In return the government dismissed the remaining counts. Because of prior convictions, among them a general court-martial conviction under the Uniform Code of Military Justice (UCMJ) in 1976, the court sentenced Martinez under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA or Act) to a mandatory minimum of 15 years. According to the presentence investigation report, absent application of this mandatory minimum, Martinez's sentencing range would have been 135 to 168 months (11 years, 3 months to 14 years).

On appeal, Martinez disputes the court's inclusion of his court-martial offense as a prior violent felony under the Act. That UCMJ conviction for "housebreaking" resulted from Martinez's unlawful nighttime entry into, and theft of items from, the Guantanamo Bay Marine Corps Exchange. The district court concluded that "housebreaking" was consistent with "burglary," which is explicitly included as a violent felony under the ACCA. The burglary conviction along with other convictions not under dispute mandates application of the 15–year minimum. Martinez argues the court erred, first by concluding that housebreaking was consistent with burglary, and second by considering a military court a court within the meaning of the Act. Additionally, Martinez argues the district court violated the separation of powers clause by "interpreting" his court-martial conviction.

## II.

▮ Before we address the merits of Martinez's appeal, we pause to point out why that should have been unnecessary: Martinez entered into a plea agreement in which he stipulated in paragraph 7(d): "For purposes of applying the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, the parties agree ... [that] [p]ursuant to Guideline § 4B1.4(b)(3)(B), the base offense level for the offense is increased to level 33 because defendant is an Armed Career Criminal within the meaning of that Guideline." Martinez now argues that he is not an Armed Career Criminal within the meaning of that Guideline. Either he is or he is not; he cannot have it both ways. While he may believe he has a colorable argument that he is not an Armed Career Criminal, a claim we reject below, Martinez knowingly waived that argument when he entered into the agreement with the government. In return, the government dismissed other charges contained in the indictment. While he reserved a right to correct "errors in calculations or interpretation," the clear language referring to Armed Career Criminal cannot now be discounted as an error in interpretation. Also, that general reservation does not take back the more specific stipulation in which he admits to both the existence and significance of his prior convictions. Nor may a defendant get out of portions of a plea agreement; he may withdraw from the plea agreement in its entirety and go to trial or he must abide by the plea agreement in its entirety. *United States v.*

*Wenger*, 58 F.3d 280, 282–83 (7th Cir.1995). What he may not do is pick and choose which portions he wishes to abide by and which he wishes to appeal. *Id.* at 283. "It is inappropriate to take a blue pencil to the agreement, removing the provisions that in retrospect the defendant wishes were not there." *Id.* When Martinez signed the agreement admitting that "[f]or purposes of applying the guidelines ... defendant is an Armed Career Criminal," he knowingly waived the right to contend that for purposes of the guidelines he is not an Armed Career Criminal.

So we are surprised to find no mention of waiver in the government's brief. At oral argument the government advised that its "initial" and "principal" argument before the district court had been that the plea agreement bound Martinez, but that once the district court "took argument on the issue despite the plea agreement, and once the district court instead of ruling that they were bound by the plea agreement, went to the merits, ... we do not believe the argument had automatically been waived by virtue of the plea agreement." It appears from the record that despite the terms of the plea agreement, right from the start, at the change in plea hearing, counsel for Martinez disputed whether the UCMJ conviction triggered application of the ACCA. The court accepted the change in plea without resolving the dispute and the parties proceeded to treat the plea as if paragraph 7(d) were a debatable part of the agreement. As a result the issue was taken up in the pleadings and at sentencing. The government never contended that Martinez had waived this argument by the admissions and concessions contained in the plea agreement, but rather proceeded on the merits of the argument. The government thereby waived the waiver argument, or at the least forfeited it. *United States v. Baker*, 40 F.3d 154, 160 (7th Cir.1994). Thus we are obliged to address the merits of Martinez's claim that he is not an Armed Career Criminal despite his admission in the plea agreement that he in fact was such a criminal.

## III.

Martinez first argues that a military conviction for "housebreaking" under the UCMJ does not qualify as a violent felony under the ACCA. The ACCA, which provides a 15-year mandatory minimum for three previous violent felonies, defines "violent felony" to include "burglary."[1] Martinez contends "housebreaking" under the UCMJ does not constitute "burglary" under the ACCA. In support of his argument he notes that the UCMJ contains a separate offense of "burglary," Article 129, and that he was not convicted of that offense.[2]

Martinez's argument fails because the ACCA does not require that, in order to be considered "burglary" under the Act, an offense be officially termed "burglary." The Supreme Court in *Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990), held that generic burglary constitutes a qualifying offense under 18 U.S.C. § 924(e)(2)(B): "[A] person has been convicted of burglary for purposes of [the Act] if he is convicted of any crime, regardless of its exact definition or label, having the

---

1. The ACCA, 18 U.S.C. § 924(e) provides, in relevant part:

   (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in 922(g)(1) of this title for a violent felony ... committed on occasions different from one another, ... shall be ... imprisoned not less than fifteen years....
   (e)(2)(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, ... that—(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

2. Title 10 U.S.C. § 929, UCMJ Article 129, titled "Burglary" provides:

   Any person subject to this chapter who, with intent to commit an offense punishable under sections 918928 of this title (articles 118–128), breaks and enters, in the nighttime, the dwelling house of another, is guilty of burglary and shall be punished as a court-martial may direct.

   In contrast, 10 U.S.C. § 930, UCMJ Article 130, titled "Housebreaking" provides
   Any person subject to this chapter who unlawfully enters the building or structure of another with intent to commit a criminal offense therein is guilty of housebreaking and shall be punished as a court-martial may direct.

basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." This court, too, has held that an unarmed generic burglary of an unoccupied, nonresidential structure, without the use or threat of force, qualifies as a violent felony under the Act. *United States v. Gallman,* 907 F.2d 639, 644–45 (7th Cir.1990).

Martinez was courtmartialed and convicted of violating Article 130 of the UCMJ, titled "housebreaking," the elements of which are (1) unlawful entry of a building or structure of another and (2) the intent to commit a criminal offense therein. *United States v. Hart,* 49 C.M.R. 693, 695, 1975 WL 15890 (A.C.M.R.1975) (stating elements of housebreaking). The penalty was up to five years incarceration. Because these are the same elements of generic burglary spelled out in *Taylor,* Martinez's court-martial conviction qualifies as a violent felony under the ACCA.

■ Martinez next contends that a military court is not a "court" within the meaning of the Act which requires that the convictions be by "any court referred to in 922(g)(1)." Looking to section 922(g)(1), we find nothing that defines or limits the term "court," only a requirement that a conviction have been "in any court" in the course of prohibiting possession of firearms by a felon. Certainly "any court" includes a military court, the adjective "any" expanding the term "court" to include "one or some indiscriminately of whatever kind"; "one that is selected without restriction or limitation of choice"; or "all." Webster's Third New International Dictionary, 1991.

The Sentencing Guidelines compel the court's use of military convictions for sentencing enhancement: "Sentences resulting from military offenses are counted if imposed by a general or special courtmartial. Sentences imposed by a summary courtmartial or Article 15 proceeding are not counted." USSG § 4A1.2(g). *See also United States v. Wilson,* 927 F.2d 1188, 1189–90 (11th Cir. 1991) (even uniquely military conviction of being absent without leave qualifies under § 4A1.2(g) for calculation of criminal history category); *United States v. Locke,* 918 F.2d 841, 842 (9th Cir.1990) (applying guideline to

sentencing enhancement based on military conviction). Martinez's conviction for housebreaking under the UCMJ was the result of a general court-martial, thus the tribunal qualifies as "any court."

Our view that a military court of justice is such a court is supported by precedent from the other circuits. In concluding that a court-martial conviction qualified under the predecessor statute to the one at issue here, the Sixth Circuit explained:

> The language of the statute is not limited to judgments rendered by Article III courts. Courts martial are authorized under Article I of the Constitution.... [T]heir judgments are to "be accorded the finality and conclusiveness as to the issues involved which attend the judgments of a civil court in a case of which it may legally take cognizance."

*United States v. Lee,* 428 F.2d 917, 920 (6th Cir.1970) (quoting *Grafton v. United States,* 206 U.S. 333, 345, 27 S.Ct. 749, 751, 51 L.Ed. 1084 (1907)). The court concluded, "[t]he finding of the court-martial that [the defendant] had committed a crime, and the judgment of sentence in excess of one year, are entitled to the conclusiveness of a judgment of an Article III court." *Id.* The Ninth Circuit has held likewise: "[A] general court-martial is a 'court' within the meaning of 18 U.S.C. § 922(g)(1) [felon in possession] and a conviction, such as [defendant's] for which an individual is punishable for a term exceeding one year, amounts to a 'crime' for purposes of § 922(g)(1)." *United States v. MacDonald,* 992 F.2d 967, 970 (9th Cir.1993).

■ Martinez's final argument is that the district court violated the constitutional principle of separation of powers when it took cognizance of a military conviction in computing his civilian sentence. Martinez argues that by "interpreting" a military conviction the court takes on the function of another branch of government and that doing so results in "illegal aggrandizement of power" within the judicial branch. This argument was not presented to the district court. It is therefore forfeited and reviewed only for plain error. *United States v. Sertich,* 95 F.3d 520, 526 (7th Cir.1996). Nevertheless,

if the statute under which Martinez was sentenced violated the separation of powers doctrine, we would be required to reverse his sentence whether or not he had raised the issue in the district court. *Cf. Pacemaker Diagnostic Clinic of America v. Instromedix,* 725 F.2d 537, 543–44 (9th Cir.1984) (that part of separation of powers doctrine that protects the integrity of the constitutional structure cannot be waived by the parties).

Martinez does not contend that the ACCA on its face violates the separation of powers doctrine. And he concedes that the ACCA, as applied to him, does not violate any specific provision of the Constitution. Instead, he argues that by determining that a military conviction for housebreaking constituted "burglary" under the ACCA, the district court "violated the separation of powers nontextually." Martinez claims that in determining whether the district court violated the separation of powers, we should apply a three-part "pragmatic approach" test which, although not identified as the source, derives verbatim from *United States v. Frank,* 864 F.2d 992 (3d Cir.1988). In *Frank,* upholding the U.S. Sentencing Guidelines against a separation of powers challenge, the Third Circuit applied what it termed a functional test inquiring whether:

> (1) one branch of government assumes a function more properly entrusted to another (the aggrandizement-of-power test); (2) one branch assumes functions that impair the ability of another branch to perform its proper functions and (3) the imposition of functions on one branch impairs that branch's ability to perform its own functions (the impairment tests).

*Id.* at 1013 (citations omitted).

Martinez claims that the district court's consideration of the elements of his military conviction implicates the first and third inquiries of the *Frank* test. First, he claims that "[t]he ability of the district court to misinterpret such a charged violation [the military code's charge of "housebreaking"] and sentence under military law into something stronger than the military court intended that charge to be, is an obvious and illegal aggrandizement of the Court's power." Second, he argues that if federal courts "are allowed to re-interpret decisions of military tribunals" it will impair the ability of the military courts to function by "creat[ing] an additional specter of interpretation which the rendering military court must be subject to in treating charges arising out of any violations of the Military Code." Martinez appears to argue that the possibility that a court-martial conviction may be considered a prior conviction by a civilian court will impair the military's ability to charge, try, and punish military offenses.

Whatever its merits for determining whether the structure and composition of the U.S. Sentencing Commission violated the separation of powers doctrine, we are not convinced that the test is the appropriate tool with which to examine the sentencing scheme to which Martinez objects.[3] No such complex intergovernmental structure is at issue. Martinez seems to complain only that by examining the elements of a UCMJ offense, the court has somehow taken on a role that constitutionally belongs within the military (by which we presume he means the executive branch although it is never specified). But the branch of government that passed the ACCA and dictated the impact of prior convictions was the same branch to which the Constitution grants the power "[t]o make Rules for the Government and Regulation of the land and navel Forces." U.S. Const., Art. I, § 8 cl. 14; *Solorio v. United States,* 483 U.S. 435, 438, 107 S.Ct. 2924, 2926, 97

---

**3.** The Third Circuit developed the *Frank* test to resolve one aspect of a two-pronged separation of powers challenge. The test was developed to determine whether the unique structure and composition of the U.S. Sentencing Commission violated the separation of powers. "[A]n independent commission of the judicial branch of the United States," the Commission consists of seven voting members, appointed by the President, three of whom must be federal judges selected from a list recommended by the Judicial Conference of the United States. 28 U.S.C. § 991(a); *Frank,* 864 F.2d at 1008. The inclusion of both federal judges and presidential appointees in a commission located within the judicial branch charged with setting up guidelines binding on both the judiciary and the executive branch implicated both the power of the judicial branch to "perform its core function of imposing judgments" and the entrusting to the executive branch the enforcement of the laws. *Id.* at 1013–14.

L.Ed.2d 364 (1987). "Exercising this authority, Congress has empowered courts-martial to try servicemen for the crimes proscribed by the UCMJ." *Id.* at 438–39, 107 S.Ct. at 2926–27. Courtmartial jurisdiction is based on the military status of the accused, not on the subject matter of the UCMJ. *Id.* at 439–40, 107 S.Ct. at 2927–28. Martinez's conviction occurred in a court of military justice rather than a civil court because of his military status, not because of a constitutional separation of powers. *Cf. Grafton v. United States,* 206 U.S. 333, 345–48, 27 S.Ct. 749, 751–52, 51 L.Ed. 1084 (1907) ("civil tribunals cannot disregard the judgments of a general court-martial"; where both courts derive jurisdiction and authority from Congress, an acquittal on murder charges in the military court attaches jeopardy and bars retrial in civilian court).

Even were we to consider the test proposed by Martinez, we fail to see how the judicial branch's recognition of prior military convictions would impact either the military's power to shape charges, or sentence those found guilty of those charges. In fact, by following the guidance of *Taylor,* 495 U.S. at 599, 110 S.Ct. at 2158, and considering not the name of the offense but its elements, the district court avoided "reinterpreting" the UCMJ offenses and instead focussed on the explicit charges. What *Taylor* tells us is that the term "burglary" is mere shorthand for a set of elements. If convicted of violating those elements, the ACCA mandates additional punishment. The UCMJ set out the elements of the crime for which a military court convicted and sentenced Martinez. The district court did not interpret those elements, it deferred to them. The Supreme Court's *Grafton* decision requires this deference; it requires that courtmartial judgments "be accorded the finality and conclusiveness as to the issues involved which attend the judgments of a civil court in a case of which it may legally take cognizance." *Grafton,* 206 U.S. at 345, 27 S.Ct. at 751 (emphasis added). The issues involved in Martinez's housebreaking conviction were whether he had violated each of the elements of the offense. The military court having found that he had, this court is required to defer to those findings to the extent we would a civil court's findings on the same issues. And *Taylor* directs us to take cognizance of just those issues. In doing so, the district court neither took on powers delegated to the military, nor did it impair the military's ability to charge, try, and sentence in the future those who unlawfully enter buildings with the intent to commit a crime. Accordingly, even applying the *Frank* test proposed by Martinez, no separation of powers violation resulted from his sentencing scheme.

## IV.

The district court correctly considered the elements of Martinez's court-martial conviction to conclude that it satisfied *Taylor's* generic burglary test. Accordingly, we affirm Martinez's sentence under the ACCA.

RIPPLE, Circuit Judge, concurring.

I am pleased to join my colleagues in their holding that the defendant's previous conviction for "housebreaking" under Article 130 of the Uniform Code of Military Justice, 10 U.S.C. § 930, constitutes a "violent felony" for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e). I only note that, in my view, the defendant's separation of powers argument is totally without merit and deserving of far more summary treatment than the court's opinion, in an abundance of caution, gives it.

I cannot agree that the government ought to have argued that the defendant's substantive contention about the military conviction was barred by the terms of the plea agreement. The plea agreement was far too vague to preclude the defendant's argument. Counsel for the government was quite responsible in declining not to submit the untenable point. The court and the Country are served well when counsel for the United States makes such balanced professional judgments with respect to the ground upon which a judgment obtained in the district court ought to be defended.