UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 99-4025

TARIK SIWATU LANE,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-98-120)

Submitted: July 30, 1999

Decided: September 27, 1999

Before MICHAEL and TRAXLER, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Nathaniel Roberson, Columbia, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, Miller W. Shealy, Jr., Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Tarik Siwatu Lane appeals his conviction and sentence based upon a guilty plea to one count of conspiracy to possess with the intent to distribute crack in violation of 21 U.S.C.A. § 846 (West Supp. 1999). Lane was sentenced to a term of 262 months' imprisonment and ordered to pay a $100 special assessment. On appeal, Lane contends that: (1) the district court's findings as to the amount and nature of the drugs attributable to him for the purpose of sentencing were clearly erroneous, and (2) the court clearly erred in not granting him a minor role reduction. In addition, Lane has filed a motion to file a pro se supplemental brief in which he argues that his due process rights were violated because the court did not require the Government to prove that the substance attributed to him was in fact crack cocaine. Finding no error, we affirm.

In his plea agreement, Lane stipulated that the quantity of drugs involved was at least 150 grams and less than 500 grams of cocaine base ("crack") and that his offense level, for the purposes of sentencing, was thirty-four. The court questioned Lane extensively concerning his plea agreement and guilty plea.

Plea agreements are viewed as contracts and interpreted as such so that both parties receive the benefit of the bargain. See United States v. Garcia, 956 F.2d 41, 43 (4th Cir. 1992). A defendant may not pick and choose which provisions of the plea agreement he wishes to abide by. See United States v. Martinez, 122 F.3d 421, 423 (7th Cir. 1997). The Government presented the plea agreement, the court heard testimony during an evidentiary hearing, viewed a video tape recording of the controlled buy, and listened to an audio tape recording of a phone conversation between Lane and the seller. Viewing the evidence in its entirety, we find that the court did not clearly err in its determination of the amount and nature of the drugs for which Lane was held accountable. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994).

Furthermore, we find that the court did not clearly err in denying Lane a reduction for his role in the conspiracy to which he plead

guilty. See U.S. Sentencing Guidelines Manual § 3B1.2(b) (1997); United States v. Daughtrey, 874 F.2d 213, 219 (4th Cir. 1989) (holding that the determination concerning the defendant's role in a criminal offense is based not only on comparing defendant's culpability to that of other participants, but also on "measuring each participant's individual acts and relative culpability against the elements of the offense of conviction").

We grant Lane's motion to file a pro se supplemental brief but find his argument without merit. Accordingly, we affirm Lane's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED

3