**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Woodie TAYLOR, Defendant–**
**Appellant.**

**No. 02–1826.**

United States Court of Appeals,
Sixth Circuit.

June 23, 2003.

Before: KENNEDY and COLE, Circuit Judges; and WILLIAMS, District Judge.*

*ORDER*

This is a direct appeal from a criminal judgment and commitment order. The parties have waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Woodie Taylor was originally indicted for his role in a conspiracy to acquire and distribute cocaine. Taylor subsequently entered into a guilty plea to a superseding indictment. The district court accepted the plea and found Taylor guilty of conspiracy to possess with intent to distribute and to distribute a controlled substance, in violation of 21 U.S.C. § 846. The district court sentenced Taylor to a seventy month term of imprisonment and a four year period of supervised release.

Taylor was indicted for conspiring to possess with intent to distribute and with distribution of five kilograms of cocaine and he thereafter agreed to plead guilty to the indictment. Each party to the agreement made significant concessions. The government, for its part, agreed to limit Taylor's sentencing exposure to eighty-seven months. Taylor, in turn, made two commitments of some importance to this appeal in addition to his admission of guilt. First, Taylor stipulated to the amount of cocaine involved in the conspiracy for which he would be accountable at sentencing, that is, between three and one-half and five kilograms of cocaine. In addition, Taylor agreed "not to appeal or otherwise challenge in any proceeding the accuracy of any factor stipulated to in this agreement or the attached worksheets."

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

The parties met subsequently for the Criminal Rule 11 plea colloquy. The district court specifically inquired of Taylor as to the amount of cocaine involved in the conspiracy. Taylor initially replied that he dealt only one-quarter of a kilogram, but the parties all quickly acknowledged the prior stipulation of three and one-half to five kilograms of cocaine for sentencing purposes. The court then asked both counsel and Taylor whether the latter stipulated figure, three and one-half to five kilograms, was the factual basis for the plea. All parties agreed, the court accepted the plea under advisement and set the matter over for sentencing.

The parties met for sentencing following the completion of a pre-sentence report. The court first elicited from Taylor and his counsel their desire that the court accept the Rule 11 agreement. The court then entertained argument for an additional reduction in Taylor's base offense level in recognition of his limited role in the conspiracy. The court also heard an objection from Taylor's counsel as to the quantity of cocaine (three and one-half to five kilograms) for which Taylor would be held responsible. The court pointed out that the figure was the result of a stipulation reached after negotiation. Counsel for Taylor agreed, then hinted that he may have been ineffective in stipulating to that amount before having done sufficient research into the law. The court ultimately meted out a seventy month sentence after granting Taylor's request for an additional two-level reduction in recognition of his limited role in the conspiracy.

Counsel is now before this court with two appellate issues. Both issues revolve around a claim that Taylor's counsel may have made a mistake in entering into the stipulated drug quantity.

Counsel first contends that he may have been ineffective in entering into the stipulation while maintaining that the proper remedy is for this court to remand the matter for re-sentencing within the framework of the plea agreement. This court has expressed a longstanding preference not to entertain ineffective assistance claims on direct appeal. *See, e.g., United States v. Brown,* 276 F.3d 211, 217 (6th Cir.2002) ("We do not address on direct appeal claims of ineffective assistance unless the record has been sufficiently developed to provide meaningful factual review.") (citing *United States v. Aguwa,* 123 F.3d 418, 423 (6th Cir.1997)). Claims that one received constitutionally ineffective trial counsel are typically pursued "in a proper post-conviction proceeding under 28 U.S.C. § 2255." *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir.1990). The substance of this claim is that counsel made errors in researching the law on the sentencing accountability of individual members of a drug conspiracy. This is plainly outside the record on appeal and will not be heard in this appeal.

The second claim is a variation on the same theme. Counsel implies in this argument that, the court "felt bound" by the stipulated drug quantity and therefore did not effect a requested downward sentencing departure based on a lesser drug quantity. This is a fantastic claim for counsel to make. The district court repeatedly inquired of both counsel and Taylor whether they wished to go forward under the terms of the plea agreement, an agreement that included the drug quantity stipulation. Taylor and his counsel repeatedly assured the court that they wished to proceed on those terms. Plea agreements are analyzed under the law of contracts and interpreted as such so that both parties receive the benefit of the bargain. *United States v. Garcia,* 956 F.2d 41, 43 (4th Cir.1992). A defendant is not free to pick and choose which provisions of the plea agreement he wishes to abide by. *United States v. Martinez,* 122 F.3d 421, 423 (7th

Cir.1997). The record shows that the district court, when faced with a legitimate defense request for a downward departure, *granted the motion.* This appeal lacks merit.

Accordingly, the district court's judgment is affirmed.