**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4055**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAMON GERARD DICKERSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:09-cr-00402-CCB-1)

Submitted: November 10, 2011          Decided: December 8, 2011

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Jonathan A. Gladstone, LAW OFFICES OF JONATHAN GLADSTONE, Annapolis, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Judson T. Mihok, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Damon Gerard Dickerson appeals his conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2006). Dickerson pleaded guilty pursuant to a plea agreement and was sentenced to the agreed-upon term of 188 months' imprisonment.

Dickerson's plea agreement contained a provision waiving his right to appeal his conviction or a sentence of 188 months' imprisonment. On appeal, Dickerson claims that the district court improperly sentenced him as an armed career criminal pursuant to 18 U.S.C. § 924(e). Dickerson stipulated in his plea agreement that he met the qualifications of an armed career criminal. The Government seeks dismissal of Dickerson's appeal based on Dickerson's waiver of his appellate rights.

We approach the question of whether a defendant has waived his right to appeal in connection with a plea proceeding de novo. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). Where the United States seeks to enforce an appeal waiver and there is no claim that the United States breached its obligations under the plea agreement, we will enforce the waiver if the record establishes that (1) the defendant knowingly and intelligently agreed to waive the right to appeal; and (2) the issue being appealed is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

2

Dickerson does not challenge the knowing and intelligent waiver of his appellate rights. Instead, he argues that he was sentenced in excess of the maximum statutory penalty for violations of 18 U.S.C. § 922(g)(1) because he was improperly designated and sentenced as an armed career criminal under 18 U.S.C. § 924(e). We find this issue waived for appeal, as Dickerson stipulated he was an armed career criminal and is bound by his stipulation. See United States v. Martinez, 122 F.3d 421, 423 (7th Cir. 1997). Thus, we enforce the appellate waiver and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED