NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 24, 2012
Decided January 7, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3207

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        *Plaintiff-Appellee,*<br><br>        *v.*<br><br>EZEQUEL HERNANDEZ-PATINO,<br>        *Defendant-Appellant.* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division.<br><br>No. 1:09-cr-00546-4<br><br>William J. Hibbler,<br>        *Judge.* |

**O R D E R**

Ezequel Hernandez-Patino belonged to a drug trafficking organization investigated by the DEA. He pleaded guilty to conspiring to distribute five kilograms or more of cocaine in violation of 18 U.S.C. § 846. In his plea agreement with the Government, Hernandez-Patino was held accountable for at least 150 kilograms of cocaine, placing him at a base offense level of 38 pursuant to U.S.S.G. §§ 2D1.1(a)(5) and 2D1.1(c)(1). Hernandez-Patino agreed that his

base offense level would be increased two levels under U.S.S.G. § 2D1.1(b)12 for maintaining a premises for the purpose of distributing a controlled substance, and that he fell in Criminal History Category III. The district court calculated a Guidelines imprisonment range of 262 to 327 months, the same range anticipated by the plea agreement, and sentenced Hernandez-Patino to 264 months' imprisonment and five years of supervised release.

Hernandez-Patino filed a notice of appeal, but his attorney has filed an *Anders* brief and moved to withdraw, asserting that Hernandez-Patino's appeal presents no nonfrivolous issues. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Hernandez-Patino did not respond to the motion. *See* Cir. R. 51(b). We thus confine our review to the potential issues identified in counsel's facially adequate brief. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002) (citation omitted); *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

According to counsel, Hernandez-Patino does not want his guilty plea set aside, so counsel appropriately omits from his brief any discussion about the adequacy of the plea colloquy or the voluntariness of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Hernandez-Patino's counsel next evaluates potential challenges to Hernandez-Patino's sentence but properly concludes that the possible arguments would be frivolous. Counsel first considers whether Hernandez-Patino could challenge the Sentencing Guidelines calculation, but concludes that he has waived any possible argument on appeal to this effect because the district court adopted the calculation Hernandez-Patino specifically agreed to in his plea agreement. *See United States v. Fiore*, 178 F.3d 917, 925 (7th Cir. 1999); *United States v. Martinez*, 122 F.3d 421, 423 (7th Cir. 1997).

Counsel also considers whether Hernandez-Patino could challenge his sentence as procedurally unsound. He concludes that such an argument would be frivolous because the district court did not indicate a belief that the Guidelines were mandatory or rely on clearly erroneous facts. We agree.

Finally, Hernandez-Patino's counsel considers whether Hernandez-Patino could challenge his prison term as unreasonable, but concludes that such a challenge would be frivolous. The term is presumed reasonable because it was within the Guidelines range, *see Rita v. United States*, 551 U.S. 338, 347, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *United States v. Miranda*, 505 F.3d 785, 791 (7th Cir. 2007), and counsel has not identified any reason to set aside that presumption. Our review of the record confirms the adequacy of the district court's

discussion of the § 3553(a) factors and Hernandez-Patino's arguments in mitigation, including his efforts to cooperate with the Government. The district court reasonably concluded that his history in the drug trade and the large quantities he was involved with merited a term within the guidelines range.

The motion to withdraw is GRANTED and the appeal is DISMISSED.