In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1607

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

NICOLAS ALEGRIA-SALDANA,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 11 CR 50065-1 — **Frederick J. Kapala**, *Judge.*

ARGUED SEPTEMBER 16, 2013 — DECIDED APRIL 17, 2014

Before KANNE, ROVNER, and WILLIAMS, *Circuit Judges.*

ROVNER, *Circuit Judge.* Nicolas Alegria-Saldana, a citizen of
Mexico, challenges the district court's denial of his motion to
dismiss his indictment for illegal reentry after removal. *See* 8
U.S.C. § 1326(a), (b)(1). He entered a conditional guilty plea
but maintains that the charges should be dismissed based on
alleged due-process violations in the underlying removal
order. Because Alegria-Saldana has not met the statutory

requirements to collaterally attack his removal order, 8 U.S.C. § 1326(d), we affirm the district court's judgment.

Alegria-Saldana entered the United States at the age of 7, became a lawful permanent resident at 20, but was charged with removability at 34—in 2003—by immigration authorities for committing an aggravated felony, *see* 8 U.S.C. § 1227(a)(2)(A)(ii), and a controlled-substance offense, *see id.* § 1227(a)(2)(B)(i). During removal proceedings, he conceded that his two convictions for possessing cocaine involved a controlled substance. But his lawyer argued that mere possession was not a drug-trafficking crime, and thus not an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(B) (defining "aggravated felony" as "illicit trafficking in a controlled substance"). The distinction mattered because an aggravated felony determination would render him statutorily ineligible for discretionary relief. *See* 8 U.S.C. § 1229b(a)(3). Based on precedent from the Board of Immigration Appeals, the immigration judge ruled that Alegria-Saldana's conviction for cocaine possession was an aggravated felony, and denied his application for cancellation of removal. *See* 720 ILCS 570/402(c) (defining cocaine possession as felony under state law); *In re Yanez-Garcia*, 23 I & N Dec. 390, 398 (BIA 2002) (characterizing state felony convictions for drug possession as aggravated felonies). Alegria-Saldana did not appeal that decision, and he was removed to Mexico two months later.

The agency precedent on which the immigration judge relied was overturned three years later when the Supreme Court ruled that mere possession was not an aggravated felony under immigration law. *Lopez v. Gonzales*, 549 U.S. 47, 60 (2006); *see also Gonzales-Gomez v. Achim*, 441 F.3d 532, 535 (7th

Cir. 2006) (Illinois felony conviction for possessing cocaine did not bar lawful permanent resident from seeking discretionary relief). By then Alegria-Saldana had reentered the United States illegally, and he was again convicted in Illinois of possessing cocaine. State authorities turned him over to immigration officials after his release in 2011.

Alegria-Saldana was charged with illegal presence in the United States after removal, *see* 8 U.S.C. § 1326(a), (b)(1), but he sought to dismiss the indictment based on alleged deficiencies in the underlying removal order, *see id.* § 1326(d). Under § 1326(d), a defendant may collaterally attack the removal order in a criminal proceeding by showing (1) exhaustion of administrative remedies, (2) unavailability of judicial review during the removal process, and (3) fundamental unfairness of the removal order. *See id.* § 1326(d)(1)–(3).

Alegria-Saldana maintained that he satisfied these three requirements. He pointed first to his lawyer's alleged deficiencies, and explained in an affidavit that he believed his lawyer would file an appeal. He noted that his lawyer reserved his right to appeal and pointed out that the immigration judge discussed his lawyer's role in the appeal process, stating that "[y]our lawyer has 30 days to decide if an appeal will be perfected or not, and you could decide that any time between the next 30 days." Second, Alegria-Saldana argued that he lacked "any understanding or particular knowledge of the law" and did not have the ability to file an appeal on his own. Finally, he challenged the fairness of the removal order in light of the Supreme Court's later decision in *Lopez*, 549 U.S. at 60.

The district court denied Alegria-Saldana's motion to dismiss the indictment, finding that he had not met any of the § 1326(d) requirements to challenge the underlying removal order. First, Alegria-Saldana failed to exhaust his administrative remedies because he neither appealed the decision nor asked his attorney to do so. To the extent that he suggested that his immigration lawyer provided ineffective assistance, the court noted that his lawyer never promised to file an appeal. Second, Alegria-Saldana did not take advantage of the form of judicial review available at the time of his removal proceedings—habeas corpus relief—and he did not justify why he failed to file a petition other than asserting his general lack of legal knowledge. And third, he could not show that the removal order was fundamentally unfair because he had no due-process right to apply for discretionary relief.

On appeal Alegria-Saldana challenges the district court's decision with respect to all three requirements of § 1326(d). We have not decided whether all three must be met before a collateral attack can proceed, though we have implied that is the case. *See United States v. Lara-Unzueta*, 735 F.3d 954, 961 (7th Cir. 2013) (declining to decide issue).

As to the first requirement, Alegria-Saldana argues that the district court erred in ruling that he failed to exhaust his administrative remedies, given his belief that his immigration lawyer would file an appeal. He maintains that he was "entitled to interpret that reservation [of the right to appeal] by counsel as meaning that his attorney would either follow through on the perfection of the appeal or advise [Alegria-Saldana] of his decision not to follow through."

But the district court's finding regarding exhaustion is correct. Despite being informed of his right to appeal, he did not file an appeal or ask his lawyer to do so, and thus he failed to exhaust his available remedies. *See United States v. Roque-Espinoza*, 338 F.3d 724, 728–29 (7th Cir. 2003) (alien may not collaterally attack removal order when "he and his lawyer were informed of his right to pursue such an [administrative] appeal" and his lawyer reserved right to appeal); *United States v. Villavicencio-Burruel*, 608 F.3d 556, 559–60 (9th Cir. 2010) (same). Nor did Alegria-Saldana exhaust his available remedies in the form of a motion to reopen, *see* 8 U.S.C. § 1229a(c)(7); *United States v. Arita-Campos*, 607 F.3d 487, 491–92 (7th Cir. 2010), which would have allowed the Board to consider whether his lawyer was ineffective for not communicating with him after the removal hearing, *see In re Lozada*, 19 I & N Dec. 637, 639 (BIA 1988) (setting out requirements to bring ineffective-assistance claim in immigration proceedings); *see also United States v. Cerna*, 603 F.3d 32, 42 (2d Cir. 2010) (excusing lack of exhaustion when lawyer promised to file an appeal during removal hearing and failed to do so).

Second Alegria-Saldana argues generally that the district court erred in concluding that judicial review was available in the form of a petition for habeas corpus. He concedes that judicial review existed "in theory" but asserts that it was unavailable "as a practical matter" because, between the entry of his removal order and his actual removal, he had only two months to research the law or find a new lawyer.

The district court correctly determined that Alegria-Saldana did not meet his burden of proving that he was unable to

petition for judicial relief. *See Arita-Campos*, 607 F.3d at 493; *United States v. Santiago-Ochoa*, 447 F.3d 1015, 1019 (7th Cir. 2006). The court here concluded that he failed to meet this burden because he offered no explanation other than that he lacked "any understanding or particular knowledge of the law." As the court noted, aliens are presumed capable of researching generally available remedies, *see Bayo v. Napolitano*, 593 F.3d 495, 505 (7th Cir. 2010); *Dimenski v. INS*, 275 F.3d 574, 578 (7th Cir. 2001) ("In immigration law, as in tax law—and criminal law, too, where knowledge of the law is presumed—the Constitution permits the government to leave people to their own research.") (internal citation omitted), and Alegria-Saldana offers no other reason to think that two months was not enough time to file a petition for habeas corpus, *see Arita-Campos*, 607 F.3d at 492 (39 days between arrest and removal was sufficient time for alien to file motion to reopen).

Finally Alegria-Saldana argues that the district court should have ruled that his removal order was fundamentally unfair because the incorrect aggravated-felony determination deprived him of the opportunity to apply for discretionary relief. But, as the court noted, failure to consider an alien for *discretionary* relief does not violate due process and thus is not fundamentally unfair. *See Arita-Campos*, 607 F.3d at 493; *United States v. De Horta Garcia*, 519 F.3d 658, 661 (7th Cir. 2008); *Santiago-Ochoa*, 447 F.3d at 1020 (collecting cases from other circuits). A minority of circuits do recognize a procedural due-process right to seek discretionary relief, but even these courts consider whether the immigration judge erred "under the governing case law at the time of [removal]," *United States v.*

*Gomez*, 732 F.3d 971, 987 (9th Cir. 2013), and require aliens to show prejudice in the form of a "reasonable probability" that they would have received relief, *see United States v. Daley*, 702 F.3d 96, 101 (2d Cir. 2012). Alegria-Saldana's removal order relied on agency precedent, *see In re Yanez-Garcia*, 23 I & N Dec. at 398, and he has not attempted to show any likelihood that the Board of Immigration Appeals—after considering his two convictions for drunk driving, two convictions for cocaine possession, and a conviction for domestic battery—would have exercised its discretion in his favor. *See In re Sotelo-Sotelo*, 23 I&N Dec. 201, 205–06 (BIA 2001) (discretionary relief not warranted for lawful permanent resident with U.S.-citizen child who had smuggled aliens into United States). Though Alegria-Saldana was unable to seek cancellation of removal, the Supreme Court's decision in *Lopez* did reduce the potential punishment for his illegal reentry: because his convictions are no longer aggravated felonies, the statutory maximum was 10 years instead of 20. *See* 8 U.S.C. § 1326(b)(1)–(2).

AFFIRMED.