NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 18, 2016
Decided March 21, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-1389

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v*.<br><br>OSCAR BECKFORD,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 14 CR 141-1<br><br>Gary Feinerman,<br>*Judge*. |

**O R D E R**

Oscar Beckford, a citizen of Guatemala, was removed from the United States in 2005 after serving a prison sentence in Illinois for drug possession. He soon reentered the country and in 2014 was charged with being in the United States without permission after removal. *See* 8 U.S.C. § 1326(a). The district court denied Beckford's motion to dismiss the charge, and Beckford entered a conditional guilty plea allowing him to challenge that ruling. *See* FED. R. CRIM. P. 11(a)(2). He was sentenced to 60 months' imprisonment followed by 3 years' supervised release. Beckford filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Beckford opposes this motion. *See* CIR. R.

51(b). Counsel's brief in support of the motion explains the nature of the case and addresses potential issues likely to be seen in an appeal of this kind. The analysis appears to be thorough, so we limit our review to the points counsel discusses along with Beckford's additional contentions. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Beckford came to the United States with his family in the 1970s and became a lawful permanent resident in 1990. Twice in 1994 he was sentenced to probation in Illinois for possessing a controlled substance (one of those probationary terms later was revoked, and Beckford was sentenced to a year in prison). He was convicted a third time in 1997 for drug possession and again was sentenced to prison. After his release the Immigration and Naturalization Service initiated removal proceedings on the ground that Beckford had been convicted of an aggravated felony. All of his drug possessions were felonies, but Beckford argued that none should count as an aggravated felony for immigration purposes because, he said, simple possession is a misdemeanor under federal law. The immigration judge rejected that contention, however, because under controlling precedent a second conviction for possession counted as an aggravated felony. The immigration judge ordered Beckford removed and added that under 8 U.S.C. § 1229b he was ineligible to apply for cancellation of removal because the order was premised on an aggravated felony. The Board of Immigration Appeals overturned this decision on a procedural ground, but Beckford did not show up for his new hearing and in 2002 was ordered removed in absentia. He finally was caught and removed in 2005, but in less than three months he had returned to the United States.

Nine years later Beckford was charged by superseding indictment with violating § 1326(a) (additional charges for drug possession and for possessing a firearm in furtherance of a drug-trafficking crime were dismissed by the government). In his unsuccessful motion to dismiss, Beckford sought to invalidate the underlying order of removal, *see* 8 U.S.C. § 1326(d), on the ground that after his removal the Supreme Court held that simple possession is not an aggravated felony unless the conviction would have been a felony under 21 U.S.C. § 844(a) if prosecuted in federal court. His drug convictions did not satisfy this standard, Beckford insisted. And for that reason, Beckford continued, the removal proceedings had been fundamentally unfair because the immigration judge said he was ineligible for cancellation of removal based on those convictions.

The district court calculated a guidelines imprisonment range of 10 to 16 months but decided that 60 months was the more appropriate sentence. The court thought it

significant that Beckford had disappeared in 2002 after he was ordered removed and then, in 2005, when he finally was removed, he had returned immediately only to be found years later with more than 3 kilograms of cocaine, more than 300 grams of crack, and two loaded firearms. Beckford was not simply in the country illegally, the district court reasoned, but was a "significant and significantly-armed drug trafficker." The court ordered, as special conditions of supervised release, that Beckford not reenter the United States without consent and not commit another crime.

In her *Anders* brief, counsel informs us that Beckford does not wish to challenge his guilty plea unless he prevails in challenging the denial of his motion to dismiss. Counsel thus properly forgoes discussing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel first addresses the denial of Beckford's motion to dismiss. Even assuming that Beckford is correct that under current law his state convictions would not qualify as aggravated felonies, we agree that a challenge to the denial of his motion would be frivolous. In order to collaterally attack a deportation proceeding, a defendant must show that "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d); *see United States v. Larios-Buentello*, 807 F.3d 176, 176 (7th Cir. 2015). Beckford did not satisfy any of these requirements.

Beckford focused primarily on the third requirement, that the entry of the order of removal be fundamentally unfair, meaning that his right to due process was violated during the removal proceedings and that he was prejudiced as a result. *See United States v. De Horta Garcia*, 519 F.3d 658, 661 (7th Cir. 2008). Beckford argued that he satisfied this requirement because, he insists, the immigration judge misled him about his eligibility for cancellation of removal based on the misconception that he had been convicted of an aggravated felony. Even if Beckford could distinguish his case from those in which we have said that an alien does not have a due process right to be informed of, or considered for, discretionary relief, *see, e.g., United States v. Zambrano-Reyes*, 724 F.3d 761, 765–66 (7th Cir. 2013); *De Horta Garcia*, 519 F.3d at 661, the immigration judge was not wrong about Beckford's status as an aggravated felon, notwithstanding later changes to the law, *see Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010). Before the immigration judge told Beckford that he was ineligible for cancellation of removal, the Board of

Immigration Appeals had held that any second state conviction for simple possession of a controlled substance was an aggravated felony because the second offense could have been punished as a felony under federal law. *See Matter of L-G-*, 21 I. & N. Dec. 89, 95–96 (BIA 1995), *modified by Matter of Yanez-Garcia*, 23 I. & N. Dec. 390 (BIA 2002); *see also Fernandez v. Mukasey*, 544 F.3d 862, 874 (7th Cir. 2008) (adopting this approach), *judgment vacated by Fernandez v. Holder*, 561 U.S. 1001 (2010). Beckford's 1997 conviction for possession of a controlled substance was his third, so the immigration judge did not misinform him that, under the law at the time, he did have a conviction for an aggravated felony and thus was ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3); *United States v. Alegria-Saldana*, 750 F.3d 638, 642 (7th Cir. 2014) (noting that law in effect at time of challenged removal is the relevant law for fundamental-fairness analysis); *United States v. Baptist*, 759 F.3d 690, 697–98 (7th Cir. 2014) (same).

Beckford similarly argued that he was deprived of the opportunity to seek judicial review because the immigration judge did not tell him about the availability of discretionary relief. We do not understand how an alien's ignorance of avenues for cancellation of removal would prevent him from pursuing judicial review, but, again, the immigration judge was not required to tell Beckford that he could seek relief that, under the law at the time, was unavailable. *See Larios-Buentello*, 807 F.3d at 177. Finally, Beckford did not exhaust his available administrative remedies. Although he was ordered removed in absentia, he could have filed a motion to reopen and explained if he had a justifiable reason for failing to appear. *See* 8 U.S.C. § 1229a(b)(5)(C); *United States v. Arita-Campos,* 607 F.3d 487, 491–92 (7th Cir. 2010). In his § 1326(d) motion Beckford did not explain why he never moved to reopen or even why he failed to appear at the removal hearing.

Counsel next advises that she reviewed the district court's application of the sentencing guidelines and concluded that the court "correctly adopted" the calculations proposed by the probation officer. But one of those calculations, the assessment of 2 criminal history points on the 1994 drug conviction for which Beckford's probation was revoked, was in error. The revocation occurred in 1997, which led the probation officer to conclude that Beckford's prison term was imposed within 10 years of the commencement of his § 1326(a) offense, i.e., when Beckford reentered the country in 2005. *See* U.S.S.G. § 4A1.2(e)(2). The prison term was under 13 months, however, so the relevant date for this conviction is not when the revocation occurred but the "date of the original sentence," which is 1994. U.S.S.G. § 4A1.2(K)(2)(C); *see United States v. Arviso-Mata*, 442 F.3d 382, 385 (5th Cir. 2006). Thus the conviction should not have been counted toward Beckford's criminal history category under U.S.S.G. § 4A1.1(b). Still, an

appellate challenge to this error would be frivolous because in his plea agreement Beckford expressly endorsed the court's guidelines calculations, including the assessment of criminal history points. *See United States v. Fiore*, 178 F.3d 917, 925 (7th Cir. 1999); *United States v. Martinez*, 122 F.3d 421, 422–23 (7th Cir. 1997).

Counsel next rejects as frivolous a possible challenge to the reasonableness of Beckford's 60-month prison term. Above-guidelines sentences are "more likely to be reasonable if . . . based on factors sufficiently particularized to the individual circumstances of the case rather than factors common to offenders with like crimes." *United States v. Jackson*, 547 F.3d 786, 792–93 (7th Cir. 2008) (quotation marks and citations omitted). The district court thoroughly discussed its reasons for imposing a sentence 44 months above the imprisonment range. The court deemed Beckford's unlawful presence in the United States to be particularly serious because he had failed to surrender for removal, had been a fugitive for more than 2 years, and returned to the United States only months after being removed. *See* 18 U.S.C. § 3553(a)(1). The court also weighed heavily that Beckford was operating a "large-scale drug operation" for which he originally faced statutory minimums totaling 15 years. Because of Beckford's history of drug offenses before his removal and his continued drug activity after his reentry, the court also reasoned that Beckford was likely to reoffend. *See id.* § 3553(a)(B), (C). The court acknowledged the "significant upward variance," but deemed Beckford's case to be an "extraordinary situation." Because the court adequately justified the sentence, counsel is correct that a reasonableness challenge would be frivolous.

Finally, counsel correctly deems frivolous a potential challenge to the term or conditions of supervised release. The district court justified both the imposition of supervised release and the two specific conditions imposed. *See United States v. Kappes*, 782 F.3d 828, 845 (7th Cir. 2015). Although the Sentencing Commission has concluded that supervised release generally is unnecessary for a defendant likely to be removed after his release from prison, *see* U.S.S.G. § 5D1.1(c); *United States v. Zamudio*, 718 F.3d 989, 990 (7th Cir. 2013), sentencing courts still should consider imposing supervised release if "it would provide an added measure of deterrence and protection," U.S.S.G. § 5B1.1, cmt. n.5. The district court reasoned that a term of supervised release, combined with the conditions that Beckford not reenter the United States without permission or commit other crimes should he do so, would provide additional deterrence by subjecting Beckford to an additional 2 criminal history points under U.S.S.G. § 4A1.1(d) for committing an offense while on supervised release and the possibility of a separate charge for violating the conditions of supervised release. *See United States v. Garcia-Garcia*, 633 F.3d 608, 612 (7th Cir. 2011) (explaining that removal does not

terminate a term of supervised release); *United States v. Akinyemi*, 108 F.3d 777, 780 (7th Cir. 1997) (commenting on advisability of including condition of supervised release that defendant who is removed cannot reenter). And added deterrence is necessary, the court reasoned, because of the serious criminal conduct Beckford was engaged in when he was found in the United States in 2013.

That leaves only the additional contention in the defendant's Rule 51(b) submission. Beckford contends that the sentencing court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by considering at sentencing the drugs and guns underlying the two counts dismissed from the indictment. But *Apprendi* is not relevant to facts that do not increase a statutory penalty, *United States v. Faulkner*, 793 F.3d 752, 757 (7th Cir. 2015); *United States v. Boos*, 329 F.3d 907, 909 (7th Cir. 2003), and a sentencing court may rely on conduct that did not result in a conviction if proved by a preponderance, *United States v. Lucas*, 670 F.3d 784, 792 (7th Cir. 2012); *United States v. Mays*, 593 F.3d 603, 609–10 (7th Cir. 2010). Beckford does not argue that the factual recitation in the presentence report, which he left unchallenged, is inadequate to satisfy this standard.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.